UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE CO., | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|     vs. | ) CAUSE NO. 1:04-cv-272-VSS-SEB |
| | ) |
| MARY OWINGS, et al., | ) |
| | ) |
|   Defendants. | ) |

## ORDER GRANTING AMENDED MOTION FOR SUMMARY JUDGMENT

This cause is before the court on the amended motion for summary judgment filed by plaintiff Allstate Insurance Company ("Allstate"). The motion is fully briefed,[1] and the court, being duly advised, **GRANTS** the motion for the reasons set forth below.

Defendants Matt and Carolyn Gross have filed suit in Shelby Circuit Court alleging that they were injured in a March 8, 2002, automobile accident ("the Accident") that was caused by the negligence of (defaulted) defendant David L. Dean, who was driving a 1993 Dodge Grand Caravan ("the Caravan"). The Caravan was owned by (defaulted) defendant Mary Owings and insured under a policy issued by Allstate Auto Insurance ("Allstate") which provided coverage for accidents that occurred while the Caravan was being driven by an "insured person" as that term was defined in the policy. Allstate filed this declaratory judgment action asserting that it has no obligation under the policy with regard to the Accident.

At the time of the accident, Ms. Owings was living in North Carolina and had left the Caravan in Indiana in the possession of her daughter, Clara Hodge. Hodge Affidavit at ¶ 4. Hodge had taken the Caravan to an automobile repair shop to determine whether it could be

---

[1] Defendants Matt and Carolyn Gross have not responded to the motion for summary judgment, and the time for doing so has expired.

repaired. *Id.* at ¶ 6. Dean apparently took the Caravan from the auto shop on March 8, 2002, the date of the Accident, although due to the large number of prescription drugs he was taking at the time he has no recollection of why he took the Caravan or whether he had permission from anyone to do so. Dean Deposition at 11 ("When you eat 40 Xanaxes a day and 30 Vicodins a day, anything's possible. There's months that I don't remember.").

     Allstate has submitted the affidavit of Hodge in support of its motion, in which she states unequivocally that she did not give Dean permission to drive the Caravan. *Id.* at ¶ 10. Allstate argues in the instant motion that this demonstrates that it is entitled to judgment as a matter of law, because Dean was not a permissive user of the Caravan at the time of the accident and therefore he was not an "insured person" under the policy. Defendant Auto-Owners Insurance Company ("AOIC")[2] concedes that Dean did not have express permission to drive the Caravan, but argues that he might have had implied permission to drive it.

     The court will assume, without deciding, that there would be coverage under the policy if Dean had implied permission to drive the Caravan. However, there is absolutely no evidence on the record from which one could reasonably infer that Dean had implied permission. It is true that Dean was not a stranger to either the auto shop or Hodge; Hodge was his former mother-in-law, and his children and ex-girlfriend ran the auto shop, which Dean himself had owned prior to several periods of incarceration between 1999 and 2002. Dean Deposition at 4-9. AOIC argues that one could reasonably infer simply from these relationships that Dean had implied permission to drive the Caravan or, more accurately, that Dean's children had permission from

---

    [2]AOIC is the Gross's insurer. It has intervened as a defendant in this action because coverage under Owings's Allstate policy would be a set-off to coverage under the underinsured/ uninsured motorist provision of the Gross's AOIC policy.

Hodge to drive the Caravan (which seems likely, if only for purposes of repairing it) and that Dean's children, expressly or impliedly, gave him permission to drive it. This is simply too great of an inferential leap. Indeed, it would be too great of a leap if the vehicle had belonged to one of the children; to extend it to a vehicle owned by the children's grandmother would be even more unreasonable.

Because there is no evidence in the record that would support a finding that Dean had either express or implied permission to drive the Caravan at the time of the Accident, Allstate's motion for summary judgment is **GRANTED**. Judgment will be entered in favor of Allstate and against all of the remaining defendants.

SO ORDERED:   03/10/2006

_V. Sue Shields_
V. Sue Shields, Magistrate Judge

Copies to:

Peter Giltner DePrez
BROWN DEPREZ & JOHNSON
peter_deprez@shelbylaw.com

Danford Royce Due
DUE DOYLE FANNING EWING & METZGER
ddue@duedoyle.com

Donna Hilton Fisher
SMITH FISHER MAAS & HOWARD
dfisher@smithfisher.com

Marcum Jarvis Lloyd
SMITH FISHER MAAS & HOWARD P.C.
mlloyd@smithfisher.com

Holly Christine Newell
SMITH FISHER MAAS & HOWARD P.C.
hnewell@smithfisher.com

Mary F. Schmid
STEWART & IRWIN
mschmid@stewart-irwin.com

Mark R. Smith
SMITH FISHER MAAS & HOWARD
msmith@smithfisher.com